IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCELINO SOTO-GONZALEZ | CRIMINAL ACTION<br><br>NO.   13-251 |

Baylson, J.                                                                                                         February 28 , 2014

## MEMORANDUM RE POST TRIAL MOTIONS

The defendant in this case was charged and convicted of one count of possession with intent to distribute one kilogram or more of heroin in violation 21 U.S.C. §§ 841(a)(1), and 841(b)1)(A).  After a one-day trial, defendant was convicted on the single count.  The defendant moves for judgment of acquittal and asserts that the evidence was insufficient, because the government failed to prove that defendant knowingly and intentionally possessed the heroin seized from his suitcase at the Philadelphia International Airport on April 24, 2013.

The government's evidence showed that DEA officers went to the airport based on information that an individual with defendant's name was arriving with concealed heroin in his suitcase.  However, the Court excluded any testimony before the jury as to the reasons why the agents went to the airport.

The trial testimony only revealed that, as a result of the officers being at the airport, they saw the defendant waiting for luggage and retrieving a suitcase in the baggage claim area, following which they approached the defendant and asked him certain questions.  Defendant asserted that he was using his cell phone to try to call an individual who he was visiting in Philadelphia.  The agents identified themselves as law enforcement.  When defendant was asked for his friend's phone number he could not provide it, but then recalled what it was and the officers saw that the number was saved in defendant's phone as "Beto."

The officers then asked defendant for permission to search his luggage which he consented to and signed a DEA consent search form. The search revealed a hidden compartment at the bottom of the suitcase containing 3.3 kilograms of heroin of a very high purity. The agents recovered from the defendant a luggage tag with his actual name on it and a Mexican passport with his name and an airline ticket.

After a search warrant was obtained for defendant's cell phone, the search revealed a number of text messages showing that the arrangements for the flight to Philadelphia had been made very recently, on instructions from an individual named "Beto" with a phone number that defendant should call when he arrived in Philadelphia. Most significantly, there was a text message showing that five days before defendant traveled from Los Angeles to Philadelphia carrying the heroin, he had sent a text message to an individual named "calakita" telling him that he had "pure coke" for sale.

The Court finds that defendant's motion for a judgment on acquittal should be denied because the circumstantial evidence was sufficient to show that the jury could conclude that the defendant had knowledge that he possessed heroin in the suitcase.

Initially, an airline representative testified that the defendant had bought the one way ticket with cash only two hours before the flight departed, and there was no return flight. The jury could have concluded that defendant was a "courier" of drugs who had no legitimate reason for flying to Philadelphia. The weight of the heroin was greater than the weight of the suitcase itself. Therefore, the jury could have concluded that when defendant picked up the suitcase to put some of his clothes in it, it already had substantial weight in it and he should have realized that some substance was concealed in the suitcase.

The information on the cell phone and the text messages show that defendant lied to the agents, and also had familiarity with drug dealings. From all of this evidence, the Court

concludes that the jury was warranted in finding the defendant guilty.   Defendant has not shown any U.S. Supreme Court or Third Circuit case striking down a conviction with evidence of this nature.

O:\Janice\ORDERS\13-251.memo.2.28.14.docx